NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1483-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

WILLIAM BOSTON,

 Defendant-Appellant.
———————————————————————————————

 Submitted November 8, 2017 – Decided December 4, 2017

 Before Judges Hoffman, Gilson and Mayer.

 On appeal from Superior Court of New Jersey,
 Law Division, Cumberland County, Indictment
 No. 04-10-0985.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (William Welaj, Designated
 Counsel, on the brief).

 Mary Eva Colalillo, Camden County Prosecutor,
 attorney for respondent (Patrick D. Isbill,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant William Boston appeals from the May 27, 2015 Law

Division order denying his petition for post-conviction relief

(PCR). We affirm.

 The case arose from the fatal stabbing and strangulation of

R.W. on the evening of July 30, 2002.1 We outlined the relevant

facts, and the issues defendant raised on appeal, in our prior

opinion affirming defendant's convictions for first-degree murder,

N.J.S.A. 2C:11-3a(1)-(2); first-degree felony murder, N.J.S.A.

2C:11-3a(3); second-degree burglary, N.J.S.A. 2C:18-2; third-

degree possession of a weapon for an unlawful purpose, N.J.S.A.

2C:39-4d; second-degree conspiracy to commit murder, N.J.S.A.

2C:5-2 and 2C:11-3a(1)-(2); and third-degree conspiracy to commit

burglary, N.J.S.A. 2C:5-2 and 2C:18-2. See State v. Boston, No.

A-4129-07 (App. Div. Aug. 21, 2012), certif. denied, 213 N.J. 568

(2013). After merger, the trial court sentenced defendant to

fifty-five years of imprisonment for the murder conviction, and

concurrent sentences on his remaining convictions. Id. at 2.

1
 The State's medical examiner determined the victim's jugular
vein was severed, and she was also strangled. He opined that "the
strangulation and severance of the jugular vein were two
'competing' and 'virtually simultaneous' causes of . . . death."
Boston, supra, No. A-4129-07, slip op. at 6-7.

 2 A-1483-15T1
 On defendant's direct appeal, we rejected his arguments

regarding: 1) the inadmissibility of statements to the police

based upon his claimed lack of competence to knowingly and

intelligently waive his Miranda2 rights; 2) the trial court's

refusal to re-open his Miranda hearing, failure to allow him to

present a complete defense, denial of his right to confrontation,

admission of improper hearsay, and imposition of an excessive

sentence; and 3) prosecutorial impropriety. Id. at 2-5.

 On March 4, 2013, defendant filed a pro se PCR petition, and

PCR counsel filed a brief in support of the petition. On May 19,

2015, the PCR judge heard oral argument, and on May 27, 2015, the

court denied defendant's application in a written opinion, without

an evidentiary hearing. On December 9, 2015, defendant filed a

notice of appeal.

 Defendant raises the following issues on this appeal:

 POINT I

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR [PCR], IN PART, UPON
 PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-
 12(A)(1).

 POINT II

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR [PCR] WITHOUT
 AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY

2
 Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d
694 (1966).

 3 A-1483-15T1
 ADDRESS HIS CONTENTION THAT HE FAILED TO
 RECEIVE ADEQUATE LEGAL REPRESENTATION FROM
 TRIAL COUNSEL AS A RESULT OF COUNSELS' FAILURE
 TO UTILIZE RELEVANT PSYCHIATRIC[,]
 PSYCHOLOGICAL[,] AND MEDICAL TESTIMONY DURING
 THE MIRANDA HEARING.

 POINT III

 THE TRIAL COURT ERRED IN DENYING THE
 DEFENDANT'S PETITION FOR [PCR], IN PART, ON
 PROCEDURAL GROUNDS PURSUANT TO RULE 3:22-5.

 Based on our review of the record and the applicable law, we

conclude these arguments lack sufficient merit to warrant extended

discussion. R. 2:11-3(e)(2). We affirm substantially for the

reasons set forth by Judge Robert G. Malestein in his cogent

written opinion. We add the following comments.

 To establish a prima facie case of ineffective assistance of

counsel, defendant must satisfy the two-prong test articulated in

Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,

2064, 80 L. Ed. 2d 674, 693 (1984), which our Supreme Court adopted

in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant

must show . . . counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed . . . by the Sixth

Amendment." Fritz, supra, 105 N.J. at 52 (quoting Strickland,

supra, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d at 693).

Defendant must then show counsel's deficient performance

prejudiced the defense. Ibid. To show prejudice, defendant must

 4 A-1483-15T1
establish by "a reasonable probability" that the deficient

performance "materially contributed to defendant's

conviction . . . . " Id. at 58.

 Rule 3:22-5 provides "a prior adjudication upon the merits

of any ground for relief is conclusive whether made in the

proceedings resulting in the conviction or in any post-conviction

proceeding . . . ." Thus, this standard's application requires

the "[p]reclusion of consideration of an argument presented in

[PCR] proceedings . . . if the issue raised is identical or

substantially equivalent to that adjudicated previously on direct

appeal." State v. Marshall, 173 N.J. 343, 351 (2002) (citation

omitted).

 Defendant's ineffective assistance of counsel assertion

attempts to re-litigate arguments he raised on direct appeal; to

wit, he argued the trial court erred in rejecting his motion to

suppress his statements because they were not knowing and

voluntary, and the corresponding motion to re-open consideration

of the Miranda issue. On defendant's direct appeal, we rejected

his arguments challenging his Miranda waiver. Boston, supra, slip

op. at 22-30. These claims are substantially equivalent to the

claims he asserts in this appeal, and thus are barred by Rule

3:22-5. PCR is not another avenue for defendant to submit the

 5 A-1483-15T1
same arguments he asserted on direct appeal. See State v. McQuaid,

147 N.J. 464, 484 (1997).

 In his PCR petition, defendant claims his attorney provided

ineffective assistance by failing to present psychological,

psychiatric, and medical evaluations at his Miranda hearing. The

record does not support the claim that defendant's trial counsel

was deficient. Regardless, even if counsel was deficient in

failing to present the expert testimony at the Miranda hearing,

defendant could not show prejudice, i.e. "a reasonable probability

that, but for counsel's unprofessional errors, the result of the

proceeding would have been different." Strickland, supra, 466

U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698; see also

State v. L.A., 433 N.J. Super. 1, 14 (App. Div. 2013).

 Moreover, defendant's petition is time-barred. See R. 3:22-

12(a)(1). Defendant was sentenced on August 3, 2007, and his PCR

petition was filed on March 4, 2013. Thus, the petition was filed

out of time. We agree with Judge Malestein that defendant

demonstrates neither excusable neglect nor a fundamental injustice

resulting from upholding the time-bar. Notably, counsel

represented defendant on his direct appeal.

 Defendant further contends the PCR court erred by ruling on

his petition without an evidentiary hearing. However, this matter

did not require a hearing because defendant failed to present a

 6 A-1483-15T1
prima facie case of ineffective assistance of counsel. See State

v. Porter, 216 N.J. 343, 354 (2013) (citing State v. Preciose, 129

N.J. 451, 462-63 (1992)); R. 3:22-10(b).

 Affirmed.

 7 A-1483-15T1